ENSTICE BROTHERS, A CORPORATION, PLAINTIFF, v. JOHN R. PITMAN, DEFENDANT.

Argued February 1, 1920—Decided December 3, 1920.

1. When there is a reference under section 156 of the Practice act to a referee, and one of the parties reserves his right to a trial by jury and subsequently complies with the statutory requirements, there must be a trial by jury.
2. Where exceptions to a referee's report under sections 155 or 156 of the Practice act raise issues proper for a jury, the judge cannot strike out the exceptions because they are not supported by the evidence before the referee. The party has the right to introduce further evidence on the trial of the action.

---

On motion to set aside *postea* and rule for judgment.

Before Justices SWAYZE and PARKER.

For the motion, *Alfred F. Stevens.*

Opposed, *Church, Harrison & Roche.*

The opinion of the court was delivered by

· SWAYZE, J. , There was a reference of this action under section 156 of the Practice act (*Comp. Stat., p.* 4102), as an action in which matters of account were in controversy. We need not for present purposes go into the details. Suffice it to say the referee reported that it did not appear from the evidence that there was anything due from the defendant to the plaintiff, and that there was no account between the plaintiff and the defendant and there was no account due from the defendant to the plaintiff. The plaintiff had entered in the minutes a reservation of a right to trial by jury and made a timely demand therefor, as required by the statute (section 155), and filed his exceptions to the report within the twenty days allowed. Thereupon without issuing a venire and bringing the action on for trial by a jury, the defendant moved to strike out the exceptions; the court struck them all out, and then on motion confirmed the report and entered judgment in favor of the defendant. The result is that the plaintiff, after having done all the statute requires to maintain his constitutional right to a trial by jury, is met by a judgment without even having had a chance to submit the case to a jury.

This result is not in accordance with the plain language of the statute. Section 156 relates only to Supreme Court issues and authorizes a reference by the presiding justice at the circuit; and authorizes him to confirm the report of the referee and order judgment to be entered thereon, subject, however, to all the provisions of section 155. Section 156 expressly says that no such confirmation and order shall be made where either party shall have entered in the circuit minutes a reservation pursuant to the preceding section (155). This prohibition of section 156 is clear and ought not to have been disregarded. The action of the trial judge is not sustained by any provision of section 155. That section

authorizes a confirmation of the report only if no reservation has been entered or if the party fails to demand a trial by jury, or to file exceptions. By an earlier provision in the same section, it is only when the report is confirmed that it becomes final and conclusive so that judgment may be entered thereon. In other cases where either party desires a trial by jury, and pursues, as the present plaintiff did, the method prescribed, there must be such a trial; and the findings of the referee become *prima facie* evidence only. There is no express provision authorizing the striking out of exceptions, but necessarily the court may strike out exceptions when the trial by jury has not been reserved or when they present no question proper to be resolved by a jury. Such is not the present case. Trial by jury was duly reserved. Three of the exceptions were stricken out for lack of evidence only. They related not to the account but to the contractual liability of the defendant, the fundamental issue in the action. It is urged in defence of the court's action that the evidence shows that if the case had been tried, it would have been the duty of the court to have ordered a nonsuit or directed a verdict for the defendant. The difficulty is that the case was not before a jury and there was no authority for the trial judge to examine the evidence taken from the referee. When it appears that the statutory proceedings have been complied with, a trial by jury must be had. That the evidence before the referee could not have the final effect which the judge attributed to it, is clearly shown by the express provision that the report of the referee shall be *prima facie* evidence of all the facts therein found and reported. To enact that it shall be *prima facie* evidence is plainly to imply that it shall be no more than *prima facie,* and may be rebutted by other and additional evidence taken before the jury. This provision was necessary to prevent the statute from violating the constitutional provision for trial by jury, and if the legislature had undertaken, as it has not, to give the judge power to pass on the evidence taken before the referee as the last word it would have been an unconstitutional effort to substitute trial by the judge, in the face of a protest by

the party, in place of trial by jury. No doubt on a formal trial before the jury the judge might hold subject to exception and review that the evidence was not enough to establish a case for the jury, but that trial is one to which the party has necessarily submitted by the very fact of bringing his suit; he cannot reserve any rights to a trial before another tribunal than the jury. As long as he has the reserved right, he has the right to put in additional evidence, and the judge's right to pass on the sufficiency of the evidence to sustain the issue cannot as yet be invoked or exercised.

What makes it possible to sustain this legislation is the fact that, guarded as it is, it amounts in effect to ascertaining in advance with the aid of the referee the issues to be tried by the jury, and shortens the process of proof by evidence; it does not amount to more unless the parties fail to reserve their right to trial by jury in the way directed by the statute. As Justice Dixon said in *Paulison* v. *Halsey*, 38 *N. J. L.* 488, 494, "the action, not the exceptions, shall be tried, by the jury.   *   *   *   If it (the referee's report) does not state facts enough to support the plaintiff's right, the plaintiff must doubtless prove the needed facts *aliunde,* and the defendant would have a clear right to rebut such proof without regard to his exceptions." He adds that the party by his exceptions may limit the range within which the testimony may be offered, but does not thereby limit the issues to be determined. "The action must still be tried, and that embraces the issues raised by the pleadings."

The same view was taken in *New York Metal Ceiling Co.* v. *Kiernan,* 73 *N. J. L.* 763, 766. The court there said the referee's report was *prima facie* evidence only, and open to proof to the contrary. In the later case of *Adams* v. *Board of Education,* 83 *Id.* 489, the court said that the action of the trial judge in ignoring the exceptions and depriving the party of his right to a jury trial could be vindicated only in case the party failed to reserve his right to trial by jury. In *Harrington's Sons Co.* v. *U. S. Express Co.,* 87 *Id.* 154, as in the present case, the trial judge dismissed the exceptions and confirmed the report, but it was upon the ground that no

legal demand for trial by jury was made at the proper time; and even on that point the Court of Errors and Appeals thought differently and reversed the judgment.

If we were permitted to review the action of the trial judge in dealing with the exceptions we should think that three of them presented questions of fact properly to be decided by a jury. They were stricken out for lack of evidence, but as we have said the evidence had not been finally closed; at most a *prima facie* case had been made which was subject to rebuttal on the trial. These three exceptions were quite as efficacious to make necessary a jury trial as the exceptions in Paulison *v.* Halsey and New York Metal Ceiling Co. *v.* Kiernan.

The judgment was improperly entered. It must be set aside and a *venire facias* must issue.